CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 20 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TRAVIS LEE JONES, | ) | CASE NO. 7:14CV00112 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| JUSTIN ANDREWS, WARDEN, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Travis Lee Jones, a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that the sentencing judge erred in calculating his federal criminal sentence as imposed. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice for lack of jurisdiction.

A petition under § 2241 must be brought in the district court with jurisdiction over the petitioner's custodian. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Petitioner in this case, although convicted and sentenced in this court, is currently incarcerated at a federal correctional center in North Carolina. Because he is not confined within the jurisdiction of this court, this court has no jurisdiction over the warden of the North Carolina facility, who is petitioner's current custodian. Therefore, the court has no jurisdiction to address petitioner's claims under § 2241.

The court could transfer the petition to a court where jurisdiction lies, 28 U.S.C. § 1406(a), but cannot find that the interests of justice so require. Petitioner's claims challenge the legality of his federal sentence. Such claims must normally be raised in a motion to vacate,

set aside or correct the sentence under 28 U.S.C. § 2255 in the sentencing court.[1] Petitioner's § 2241 petition raising such claims is barred unless it meets the stringent standard mandated under the Jones decision. 226 F.3d at 333-34 (finding that challenge to federal conviction barred from review under § 2241 absent showing that under post-conviction change in law, petitioner's offense conduct is no longer criminal). The current petition fails to state facts on which petitioner could satisfy the Jones standard, as he offers no indication that his offense conduct is no longer criminal. Therefore, the court cannot find it to be in the interest of justice to transfer the petition to a court in North Carolina for disposition. Instead, the court will dismiss the petition for lack of jurisdiction, without prejudice to petitioner's later submission of an adequate § 2241 petition in the appropriate court. A corresponding final order shall issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 19th day of March, 2014.

_____
Chief United States District Judge

---

[1] The court could also construe petitioner's current submission as a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255, which could be addressed in this district as the sentencing court. When the court previously offered to construe petitioner's prior § 2241 petition as a § 2255 motion, however, petitioner objected to such a disposition, and the court summarily dismissed the action without prejudice. See Jones v. United States of America, Case No. 7:13CV00456 (W.D. Va. 2013). If petitioner wishes to have his claims considered under § 2255 after all, he may file a new and separate action under that statute. To assist him in bringing such a motion, he may request a § 2255 form by writing to: Clerk's Office, U.S. District Court, 210 Franklin Road, S.W. Suite 540, Roanoke, VA 24011-2208. Petitioner is advised, however, that § 2255 motions are governed by strict time limits and a bar against successive motions. See 28 U.S.C. § 2255(f) & (h).